IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JACK KLIGMAN                    :     CIVIL ACTION
                                :
        v.                      :
                                :
INTERNAL REVENUE SERVICE        :
HUMAN RESOURCES                 :     NO. 06-5325


MEMORANDUM AND ORDER

McLaughlin, J.                              August 17, 2007


        Jack Kligman applied for a position as a seasonal tax
examiner with the Internal Revenue Service ("IRS"), but was not
selected for appointment.  He has brought this suit *pro se*
alleging that his non-selection violated Office of Personnel
Management ("OPM") procedures and challenging certain OPM and IRS
regulations.

        The defendant has moved to dismiss the complaint under
Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.
The Court will grant the motion.


I.    The Complaint

        In the fall of 1999, Kligman applied for a position as
a seasonal tax examiner for the 1999-2000 tax season.  Kligman
scored in the 95th percentile on the qualifying exam.  In 2001,
after hearing no response from the agency, he inquired about the

reason for his non-selection.  An IRS Human Resources employee informed him that the selecting officer had removed him from consideration pursuant to the OPM "Rule of Three."[1]  Kligman alleges that his prior criminal history caused his non-selection. In 1985, he pled guilty to conspiracy and mail fraud charges.  He received a full and unconditional pardon in 2000.

Because Kligman is proceeding *pro se*, his allegations will be held to a less stringent standard, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and must be construed liberally, United States v. Albinson, 356 F.3d 278, 284 n.9 (3d Cir. 2004).  Making reasonable inferences on his behalf, the Court has identified three possible claims:  (1) that the IRS failed to follow its own procedures for determining suitability; (2) that the Rule of Three permits an agency to engage in a prohibited personnel

---

[1]    The Rule of Three encompasses two distinct provisions.  5 C.F.R. § 332.404 requires that officials make each selection for appointment from among the top three qualified candidates.  5 C.F.R. § 332.405 permits officials to withhold consideration of an eligible candidate if the candidate has been considered for three appointments for the same position.  The Court refers only to the latter when discussing the Rule of Three.

practice; and (3) that a provision in the IRS Manual, IRM 6.331.1.20, does the same.[3][2]

II. <u>The Defendant's Motion</u>

The exhibits to the defendant's motion to dismiss reflect the procedural history of Kligman's related claims. He initially brought a similar action before this Court in 2005, challenging the Rule of Three and the failure to make a suitability determination. <u>See</u> Memorandum of Law in Support of Defendant's Motion to Dismiss [hereinafter Def. Brief] Exhibit A at 1-2. The Court rejected his claims for failure to exhaust administrative remedies. <u>Id.</u> at 3.

Kligman then appealed the IRS's decision before the Merit Systems Protection Board ("MSPB"). Among other claims, he brought his challenges against the Rule of Three and IRM 6.331.1.20, as well as his claim for the failure to make a

---

[2]    IRM 6.331.1.20 provides in pertinent part that "(1) IRS offices should pursue suitability determinations if the applicant's circumstances meet the established criteria for referral, rather than simply 'non-selecting' and working within the 'rule-of-three' for consideration . . . ."

[3]    Kligman also alleges that the failure to make a suitability determination was a prohibited personnel practice. Allegations of such practices are not an independent conferral of jurisdiction. <u>Saunders v. Merit Sys. Protection Bd.</u>, 757 F.2d 1288, 1290 (Fed. Cir. 1985). If the Court has no jurisdiction over the other claims at issue, it will not have jurisdiction over this one.

suitability determination.  The Administrative Judge, issuing the
MSPB's Initial Decision, dismissed the appeal for lack of
jurisdiction.  See Def. Brief, Ex. C.  Kligman sought review of
the Initial Decision with the full MSPB.  The MSPB held that it
had jurisdiction over the challenges to the OPM and IRS
regulations, but upheld the provisions.  Def. Brief, Ex. E at 3-
6.  The MSPB also informed Kligman that he must file any further
appeal with the United States Court of Appeals for the Federal
Circuit.  Id. at 8.


III. Discussion

        The defendant has moved to dismiss this action for lack
of subject matter jurisdiction.  It argues that because Kligman
is appealing the adverse final decision of the MSPB, the Federal
Circuit Court of Appeals has exclusive jurisdiction.  Kligman
responds in his reply memorandum that this is a "new case."  He
contends that because the MSPB lacked jurisdiction over some of
his claims, jurisdiction in this Court is proper under 28 U.S.C.
§ 1331.

        The burden of establishing a federal court's
jurisdiction rests upon the party invoking it.  See, e.g.,
Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

Because the defendant's motion contests the Court's jurisdiction in fact, it is characterized as a "factual challenge" to jurisdiction.  See NE Hub Partners v. CNG Transmission Corp., 239 F.3d 333, 341 n.7 (3d Cir. 2001).  In addressing a factual challenge, the Court may look beyond the pleadings and must accord the plaintiff's allegations no presumption of truth. Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).

The Court will dismiss the claims for lack of subject matter jurisdiction.  The Federal Circuit Court of Appeals has exclusive jurisdiction.

A.   OPM and IRS Regulations

Because the analyses for Kligman's claims against the Rule of Three and IRM 6.331.1.20 are identical, the Court will address both claims here.  Kligman alleges that both agency regulations permit prohibited personnel practices.  5 U.S.C. § 2302(b)(4) prohibits agencies from "deceiv[ing] or willfully obstruct[ing] any person with respect to such person's right to compete for employment."  Kligman claims that the IRS's reference to the Rule of Three as the reason for his non-selection violated this provision.  He also argues that IRM 6.331.1.20 enables the

IRS to circumvent the suitability procedures of 5 C.F.R. § 731 by raising non-selection as a viable alternative to a formal determination.  Kligman alleges that this violates 5 U.S.C. § 2302(b)(4).

The MSPB has original jurisdiction over challenges to OPM rules and regulations.  5 U.S.C. § 1204(f).  The Board may invalidate provisions that either on their face or in their implementation require an official to perform a prohibited personnel practice.  5 U.S.C. § 1204(f)(2).

Pursuant to this provision, Kligman brought these challenges before the MSPB, which upheld both regulations.  <u>See</u> Def. Brief, Ex. E at 5-6.  His present challenge to the regulations are appeals of that decision.  The Federal Circuit Court of Appeals has exclusive jurisdiction over appeals of the final decisions of the MSPB.  28 U.S.C. § 1295(a)(9); <u>see</u> <u>also</u> 5 U.S.C. § 7703(b)(1).[4]

B.   <u>Suitability Determination</u>

Kligman's third claim is that in not selecting him for appointment, the IRS made a negative suitability determination on

---

[4]   The exception to this grant of exclusive jurisdiction is for claims alleging discrimination.  These may be brought in a district court.  5 U.S.C. § 7703(b)(2).  This exception is not applicable here.

the basis of his prior conviction.  Agencies are empowered to make employment decisions, such as termination or non-selection, on the basis of the suitability of an individual's conduct or character.  5 C.F.R. § 731.101.  Negative suitability determinations may be grounded only on a list of enumerated factors, which includes criminal history.  5 C.F.R. § 731.202.  When making negative determinations, an agency must follow certain procedures, including providing notice of the decision and an opportunity to challenge the finding.  5 C.F.R. § 731.401-04.  Kligman alleges that his non-selection occurred because of the prior conviction, but absent these formal procedures.

The MSPB has dealt with claims of this nature.  Rather than classify them as claims for failure to follow procedures, it has referred to them as claims for "de facto" or "constructive" suitability determinations.  See, e.g., Prehoda v. Dep't of Homeland Security, 98 M.S.P.R. 418, 420-21 (M.S.P.B. 2005); Edwards v. Dep't of Justice, 87 M.S.P.R. 518, 522 (M.S.P.B. 2001); see also Botello v. Dep't of Justice, 76 M.S.P.R. 117, 122 (M.S.P.B. 1997).  In each of these cases, the plaintiff made the same claim as Kligman:  that an agency took a certain adverse action because of suitability concerns, without affording the plaintiff the required procedures.  For example, in Prehoda, the

plaintiff argued that a tentative offer of appointment was withdrawn because of concerns over the credibility of statements he had made previously while under oath.  98 M.S.P.R. at 419-20. Suitability determinations are reviewable by the MSPB under 5 C.F.R. § 1201.3(a)(7).[5]

In the MSPB's Initial Decision in this case, the Administrative Judge held that no suitability determination occurred.  Def. Brief, Ex. C at 5-6.  The Administrative Law Judge held that the MSPB, therefore, lacked jurisdiction. Kligman is asserting that the Administrative Judge erred in this holding.  He argues that a _de_ _facto_ suitability determination did occur and requests review of that action.  This is a direct appeal of the Administrative Judge's holding.  Appeals of MSPB jurisdiction are within the purview of the Federal Circuit Court of Appeals.  See King v. Briggs, 83 F.3d 1384, 1387 (Fed. Cir. 1996).  5 U.S.C. § 7703(b)(1) mandates that Kligman challenge this in front of that court.[6]

---

[5]    5 C.F.R. § 1201.3(a)(7) gives the MSPB appellate jurisdiction over the "[d]isqualification of an employee or applicant because of a suitability determination (5 C.F.R. § 731.501)."

[6]    It may be possible to classify the plaintiff's claim as one for a failure to follow procedures under the Administrative Procedure Act ("APA").  Another judge in this Court has found jurisdiction over such a claim, pursuant to 28 U.S.C. § 1331. See Sydnor v. OPM, 2007 WL 172339 (E.D. Pa. Jan. 23, 2007). Construing Kligman's allegations in this way would not leave him

An appropriate Order follows.

_____

with a viable claim.  Because no suitability determination
occurred, he could prove an APA violation only by showing that
(1) the IRS was required to make a determination, and (2) that it
failed to do so.

In Sydnor, a similar claim survived a motion to dismiss
because the language of the OPM provision required a
determination.  Id. at *7.  No such language mandates that an
agency make a negative determination before appointment.  5
C.F.R. § 731.105(b) states that an agency may take suitability
action, not that it must, and 5 C.F.R. § 731.202(b) only states
that the enumerated list of factors "may" be considered a basis
for determinations.  IRM 6.331.1.20 similarly includes
suggestive, non-mandatory language.  The IRS was permitted not to
purge Kligman from its rolls because of his criminal history.
Even under this more liberal construction of the allegations, he
does not have an actionable claim.

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JACK KLIGMAN                    :       CIVIL ACTION
                                :
        v.                      :
                                :
INTERNAL REVENUE SERVICE        :
HUMAN RESOURCES                 :       NO. 06-5325
```

ORDER

        AND NOW, this 17th day of August, 2007, upon

consideration of defendant's Motion to Dismiss (Docket No. 6),

and the plaintiff's response thereto, IT IS HEREBY ORDERED that

said motion is GRANTED.  This case is dismissed.


                        BY THE COURT:



                        /s/ Mary A. McLaughlin
                        MARY A. McLAUGHLIN, J.