IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACK KLIGMAN                   :      CIVIL ACTION
                               :
       v.                      :
                               :
INTERNAL REVENUE SERVICE       :
HUMAN RESOURCES                :      NO. 06-5325

MEMORANDUM AND ORDER

McLaughlin, J.                                December 8, 2008

        This is a pro se lawsuit in which plaintiff Jack
Kligman challenged the decision of the Internal Revenue Service
("IRS") not to hire him as a seasonal tax examiner.  This Court
dismissed this action on August 17, 2007, for lack of subject-
matter jurisdiction, finding that Mr. Kligman's claims had
already been addressed and decided in a prior ruling by the Merit
Systems Protection Board ("MSPB").  The Court found that it
lacked jurisdiction to review the MSPB decision, which was within
the exclusive jurisdiction the United States Court of Appeals for
the Federal Circuit.  Mr. Kligman appealed the dismissal to the
United States Court of Appeals for the Third Circuit, which
affirmed in a per curiam order dated April 8, 2008, and filed in
this Court November 4, 2008.

        Mr. Kligman now moves pursuant to Federal Rule of
Civil Procedure 60(a) and 60(b) for an order permitting him to

file a second appeal of this Court's August 17, 2007, Order
dismissing his case, this time with the United States Court of
Appeals for the Federal Circuit.  Mr. Kligman contends that he
intended his first appeal of this Court's dismissal to be made in
the Federal Circuit Court of Appeals, and his appeal was
initially docketed in that court, but that he was wrongly
persuaded by court personnel that his appeal should be brought in
the Third Circuit Court of Appeals.  He asks that this Court
extend the "timeliness of appeal," so that he may file in the
Federal Circuit Court of Appeals, the court that he understands
to have subject matter jurisdiction over his appeal.

　　　　For the reasons that follow, the Court will deny Mr.
Kligman's motion.


I.　　FACTUAL BACKGROUND

　　　　In this suit, Mr. Kligman challenged the decision of
the Internal Revenue Service ("IRS") not to hire him as a
seasonal tax examiner for the 1999-2000 tax season.  In
explaining its decision not to hire him, the IRS told Mr. Kligman
that it had applied a regulation issued by the Office of
Personnel Management ("OPM"), the so-called "rule of three."  Mr.
Kligman alleged that the actual reason for his not being hired
was not the "rule of three," but the fact that he had once been

convicted of a felony, for which he had since received a full pardon. He alleged that the IRS had therefore subjected him to a suitability determination without following its procedures for doing so, and that the application of the rule of three and a related provision in the IRS manual permitted or required the IRS to engage in a prohibited personnel practice.

Prior to filing this suit, Mr. Kligman had filed an earlier lawsuit in this Court in 2005, making similar claims. The 2005 lawsuit was dismissed for failure to exhaust administrative remedies. Mr. Kligman then pursued his administrative remedies before the Merit Systems Protection Board ("MSPB"), eventually resulting in a decision by the full board, issued in October 2006, that upheld the OPM's regulations and the IRS's application of them to Mr. Kligman. The October 2006 MSPB opinion specifically informed Mr. Kligman that he had the right to request a review of the decision by the United States Court of Appeals for the Federal Circuit.

Mr. Kligman did not seek review of the MSPB decision in the Federal Circuit Court of Appeals, but instead filed this suit against the IRS on December 5, 2006. The IRS moved to dismiss for lack of subject-matter jurisdiction, arguing that this suit was essentially an appeal of the MSPB's October 2006 decision over which the Federal Circuit had exclusive jurisdiction. In a

Memorandum and Order dated August 17, 2007 and entered August 20, 2007, this Court granted the IRS's motion and dismissed the case for lack of subject-matter jurisdiction, agreeing that the suit sought to challenge the October 2006 final decision of the MSPB and that the Federal Circuit Court of Appeals had exclusive jurisdiction to hear such a challenge.

On October 12, 2008, Mr. Kligman filed a notice of appeal.  Mr. Kligman's notice of appeal was made on a pre-printed form on which Mr. Kligman wrote that he was appealing this Court's Order "Dismissing for lack of jurisdiction" entered on August 20, 2007.  The form Mr. Kligman used was a form for an appeal to the United States Court of Appeals for the Federal Circuit, but the notice was apparently filed in the United States Court of Appeals for the Third Circuit.  This resulted in two appellate dockets and case numbers being opened for the same appeal, Case No. 07-4042 in the Third Circuit Court of Appeals and Case No. 08-3059 in the Federal Circuit Court of Appeals.  In his motion for reconsideration, Mr. Kligman states that he intended to file his appeal with the Federal Circuit Court of Appeals because he understood from this Court's August 20, 2007, Order that jurisdiction over his appeal would lie in that court.

In his motion for reconsideration, Mr. Kligman says that, after speaking with personnel in both the Clerk's Office of

4

this Court and the Third Circuit Court of Appeals, he decided to withdraw his appeal in the Federal Circuit Court of Appeals and pursue his appeal only in the Third Circuit.  The docket for the appeal in Federal Circuit Court of Appeals has an entry on October 31, 2007, noting the receipt of a letter from Mr. Kligman stating that he wanted his appeal to remain in the Third Circuit Court of Appeals.  Mr. Kligman states in his motion that he asked counsel for the IRS to terminate his appeal in the Federal Circuit Court of Appeals on December 7, 2007.  The Federal Circuit docket shows that Mr. Kligman's appeal in that court was terminated on December 11, 2007.

Mr. Kligman's appeal then proceeded in the Third Circuit Court of Appeals, which affirmed this Court's dismissal for lack of subject-matter jurisdiction in a non-precedential per curiam opinion dated April 9, 2008.  Mr. Kligman then petitioned for rehearing and rehearing en banc, but these requests were denied.  The mandate from the Third Circuit Court of Appeals issued on November 4, 2008.

II.  <u>ANALYSIS</u>

Mr. Kligman moves this Court pursuant to Rule 60(a) and 60(b) to extend the "timeliness of appeal" to allow him to file an appeal of this Court's August 17, 2007, Order with the Federal

Circuit Court of Appeals.  Mr. Kligman's motion will be denied
for two reasons.

        First, even if Mr. Kligman were correct that he should
be allowed to file a second appeal of this Court's August 17,
2007, Order to the Federal Circuit Court of Appeals, such an
appeal would be untimely, and this Court (or any court) lacks the
power to extend the time for appeal.  The time for a party to
file an appeal of a civil judgment or order is set by statute.
28 U.S.C. § 2107.  In an ordinary case, a party has thirty days
after the entry of the judgment or order to file a notice of
appeal.  § 2107(a).  Where, as here, the United States is a
party, all parties shall have sixty days after entry of the
judgment or order to appeal.  The statute allows a district court
to extend the time for filing a notice of appeal, but only if
particular conditions are met.  § 2107(c).  In particular, a
district court can extend the time for filing an appeal "upon
motion filed not later than 30 days after expiration of the time
otherwise set for bringing an appeal."  § 2107(c).  These
statutory restrictions are jurisdictional and cannot be waived or
altered.  See Bowles v. Russell, 127 S. Ct. 2360, 2366 (U.S.
2007) (holding a court has "no authority to create equitable
exceptions" to the time limits in § 2107).

Under § 2107, Mr. Kligman had sixty days to appeal this Court's August 17, 2007 Order (entered August 20, 2007), and this Court had the power to extend the time for filing an appeal only if a motion to do so was filed no later than thirty days after that, or September 19, 2007.  Mr. Kligman did not request an extension of the time to appeal until the second half of 2008. The Court therefore lacks the power to extend the time for Mr. Kligman to file an appeal to the Federal Circuit Court of Appeals, even if it believed such an appeal were warranted.

The Court, however, finds that Mr. Kligman's request for a second appeal of the August 17, 2007, Order is not warranted on the merits.  The Court's August 17 Order, dismissing Mr. Kligman's claims for lack of subject-matter jurisdiction, was properly appealed to the Third Circuit Court of Appeals, the supervisory appellate court for this federal district.  The Third Circuit Court of Appeals considered Mr. Kligman's appeal and resolved it on the merits, upholding the dismissal of his claims. Mr. Kligman's petitions for rehearing and rehearing en banc were denied, and the ruling of the Third Circuit Court of Appeals is now final and binding.

Mr. Kligman could not have properly appealed this Court's August 17, 2007, Order to the United States Court of Appeals for the Federal Circuit.  The jurisdiction of that court

7

of appeals is specified by statute.  28 U.S.C. § 1295.  None of the enumerated statutory bases for the jurisdiction of that court encompasses an appeal from the Court's August 17 Order.

The appeal that Mr. Kligman could have taken to the Federal Circuit Court of Appeals is an appeal of the Merit System Protection Board's October 2006 decision in his case.  The October 2006 decision, itself, stated that Mr. Kligman could have the decision reviewed by the Federal Circuit Court of Appeals. This Court's August 17, 2007, Order similarly found that the Federal Circuit Court of Appeals had exclusive jurisdiction to consider an appeal of the MSPB's decision, a conclusion affirmed by the Third Circuit Court of Appeals in April 2008.

To date, Mr. Kligman does not appear to have filed an appeal of the October 2006 MSPB decision in the Federal Circuit Court of Appeals.  It is very probable that it may now be too late for Mr. Kligman to do so.  This Court will not, however, decide that issue.  Whether Mr. Kligman can still file a timely appeal of the MSPB decision will have to be addressed by the Federal Circuit Court of Appeals, if and when such an appeal is filed in that court.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACK KLIGMAN                    :        CIVIL ACTION
                                :
        v.                      :
                                :
INTERNAL REVENUE SERVICE        :
HUMAN RESOURCES                 :        NO. 06-5325

<u>ORDER</u>

AND NOW this 8th day of December, 2008, upon consideration of a letter from the pro se plaintiff requesting relief under Federal Rule of Civil Procedure 60(a) and 60(b) in the form of an order permitting him to file a second appeal from this Court's August 17, 2007, Order dismissing his complaint for lack of jurisdiction, IT IS HEREBY ORDERED that:

1.   The Clerk of Court shall docket the plaintiff's letter to the Court of November 28, 2008, as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(a) and 6o(b).

2.   For the reasons set forth in the accompanying memorandum of law, the plaintiff's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(a) and 6o(b) is DENIED.

BY THE COURT:


<u>/s/ Mary A. McLaughlin</u>
MARY A. McLAUGHLIN, J.